## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KATHY L. MCCARTY,          )
                              )
               Plaintiff,     )
                              )
v.                            )
                              )
REECE & NICHOLS REALTORS, INC.  )     JURY TRIAL DEMANDED
                              )
And                          )
                              )
HOMESERVICES OF AMERICA, INC.,  )
                              )
              Defendants.   )

## PLAINTIFF'S COMPLAINT

     Plaintiff, Kathy L. McCarty, states and alleges the following against defendants Reece and Nichols, Inc. and HomeServices of America, Inc.

## NATURE OF THE COMPLAINT

1.    This is an action for legal and equitable relief brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*., and Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. 44-1111 *et seq*.

2.    Ms. McCarty was effectively terminated by defendants after she complained about illegal age discrimination and a hostile work environment.

3.    The unlawful conduct of the defendants deprived Ms. McCarty of her employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

## PARTIES

4.      Ms. McCarty is a 70-year-old American female and USA citizen domiciled in Jackson County, Missouri.

5.      ReeceNichols is a Berkshire Hathaway affiliate that employs real estate agents in at least 28 branch offices and 29 franchise offices across Kansas and Missouri.  ReeceNichols corporate headquarters is in Leawood, Kansas, and it employs at least 200 employees.

6.      HomeServices of America, Inc. is a Berkshire Hathaway affiliate, purportedly headquartered in Minneapolis, Minnesota.  It employs at least 500 employees.  According to Home Services of America's website, "We are our companies," which includes ReeceNichols.

7.      HomeServices of America, Inc. (i) has the power to hire and fire employees of ReeceNichols; (ii) supervised and controlled the work schedule and conditions of work for employees of ReeceNichols; (iii) determined the rate and method of payment of employees of ReeceNichols; (iv) used ReeceNichols equipment and premises for employee work.  Home Services of America acts directly in the interest of ReeceNichols and was actively involved in the discriminatory conduct.

8.      HomeServices of America was responsible for establishing and training employees of ReeceNichols, investigating complaints, and disciplining employees of ReeceNichols.

9.      HomeServices of America and ReeceNichols share employees, policies and procedures, and business records are assessable between the organizations.

10.     HomeServices of America human resources policies is provided to ReeceNichols employees.

11.     Involuntary terminations by ReeceNichols must be approved by HomeServices of America under the relevant employment policies.

12.     Plaintiff was paid by "HomeServices of America."

13.     Plaintiff's performance appraisals are conducted on HomeServices of America documents.

14.     Both HomeServices of America and ReeceNichols employed and shared plaintiff, jointly determined the essential terms of plaintiff's employment, and jointly exercised significant control over plaintiff.

15.     Both companies share common management, have common ownership and financial control, have interrelated operations, and a centralized control of labor relations. Further, they could constitute, among other things, a "single employer" or "joint employer" under the ADEA.  Accordingly, both are collectively referred to herein as "ReeceNichols" or "company," or "defendants."

16.     HomeServices of America and ReeceNichols are authorized to do business in Kansas.  They are an "employer" as defined by the ADEA because they engage in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of plaintiff's employment with them.

17.     Plaintiff was employed by defendants and worked at its office at 11601 Granada Lane, Leawood, Kansas 66211.  Defendants treated plaintiff as an employee as it related to employment, compensation, taxes, and workers' compensation.

## JURISDICTION AND VENUE

18.     Plaintiff submits to the jurisdiction of this Court for the adjudication of the claims alleged herein.

19.     Defendants are generally subject to personal jurisdiction to Courts of Kansas because it has consented to jurisdiction in Kansas by applying and receiving permission from the

Kansas Secretary of State's Office to do business in Kansas as a corporation and because defendants conduct ongoing, substantial and continuous business in Kansas.

20.      Defendants are subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this Court's territorial jurisdiction.

21.      This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiff's claims arise under federal law.

22.      The Court has supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367.

23.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

24.      On July 28, 2021, plaintiff filed a charge against defendants with the Equal Employment Opportunity Commission, Charge No. 563-2021-02387/88, and Kansas Human Rights Commission.  *See* Exhibit. 1, attached and incorporated as if fully set forth herein.

25.      On October 13, 2021, or shortly thereafter, the EEOC and KHRC issued plaintiff a Notice of Right to Sue.  *See* Ex. 2.

## FACTUAL SUPPORT

26.      In 2000, plaintiff began working for defendants.

27.      Plaintiff was the director of training.

28.      Her duties included conducting training for agents and employees, creating training materials, interfacing and obtaining certifications from the Missouri and Kansas Real

Estate Commissions and Kansas Board of Regents, overseeing outside instructors, and answering questions from agents, management and legal counsel.

29.     Plaintiff's work performance, at all relevant times, was consistent with defendants' legitimate expectations, and she met or exceeded expectations and goals set.  She received positive feedback regarding her work performance at all relevant times.

30.     Plaintiff was never disciplined for any unethical conduct.

31.     Plaintiff has all the required qualifications for the work she performed for defendants.

32.     In 2018 or 2019, Mike Frazier became the CEO of ReeceNichols.  Mr. Frazier was simultaneously employed by and paid by Home Services of America, and acting in Home Services' interest.

33.     Mr. Frazier and other management personnel discussed that they wanted to get rid of older workers and replace them with younger workers.

34.     Mr. Frazier and the company's attorney discussed that they did not understand why anyone would want to work over 70 years-old, and they thought there should be mandatory retirement.

35.     Mr. Frazier frequently made derogatory age-related remarks about female employees.

36.     For example, on occasion, he referred to female employees over 60 as "dinosaurs."

37.     On an almost daily basis, he would make comments to older female employees such as, "you are getting lines in your forehead, why don't you get them filled," "want to turn

5

your hearing aids up," "your gray is showing . . . need Ginkgo?," "that is what happens to you when you get old."  Many of these comments were directed towards plaintiff.

38.     Female employees over 60 were frequently asked about their retirement plans. Mr. Frazier would comment: "When are they going to retire.  Are they going to die at their desk?"

39.     If a female employee expressed that she intended to work for several more years, the employee would be ostracized, given administrative tasks, forced to resign, and in some cases terminated.

40.     When Mr. Frazier became CEO, several female employees over 60 were forced to retire, or effectively terminated.

41.     Mr. Frazier commented that he "was glad to get rid of old dinosaurs like" the female employees that were pushed out.  Mr. Frazier further commented that the company needed to get "young people in here" with "fresh thoughts," and older workers were "not relevant anymore" with "old ideas" that were "not fresh."

42.     The employees who were pushed out were replaced by younger workers, often male.

43.     Mr. Frazier would publicly make derogatory jokes about employees over 60 and ask them questions about their age.

44.     The work environment had become abusive and took a toll on plaintiff.

45.     In 2019, a supervisor position was created over plaintiff's position.  Plaintiff was not given an opportunity to apply for the position.  Instead, the company filled the position with a lesser qualified younger employee.

46.     Despite having good performance reviews, plaintiff was put under the threat of termination.

47.     In December 2019, Mr. Frazier effectively terminated a 70-year-old employee and chastised the employee for talking to a female employee with "gray hair."

48.     In November 2020, Mr. Frazier terminated another female over 60.

49.     In November 2020, plaintiff complained to the company about age discrimination.

50.     After her complaint, the company effectively demoted her by giving her administrative tasks.

51.     Similarly situated younger employees in plaintiff's supervisory chain were not demoted and given administrative tasks.

52.     Plaintiff also had administrative assistants taken from her.

53.     Instead of investigating plaintiff's complaint, management criticized her for unrelated things that occurred in the past.  Similarly situated younger employees in plaintiff's supervisory chain were not criticized.

54.     Further, the company refused to acknowledge that any complaints were made regarding age discrimination.

55.     After plaintiff's complaint, the company decided to eliminate plaintiff's position. Plaintiff was told she was no longer a department head.  Similarly situated younger employees in plaintiff's supervisory chain did not have their positions eliminated.

56.     Mr. Frazier repeatedly asked plaintiff when she was going to retire.

57.     By the end of January 2021, the work environment had become so hostile plaintiff had no choice but to quit.  She was  constructively discharged and effectively terminated.

58.     Pushing out older workers is a pattern and practice by defendants.

59.     Plaintiff's job duties were given to a significantly younger worker.  She was effectively replaced by this younger worker.

## COUNT I

## ADEA and KADEA– Age Discrimination

## (Against ReeceNichols and Home Services of America)

60.     Plaintiff incorporates by reference every other allegation made herein.

61.     Plaintiff is a qualified individual over the age of 40.

62.     Plaintiff was qualified to perform the essential functions of her job and other positions.

63.     Plaintiff was treated differently and unfairly because of her age.

64.     The defendants deliberately made plaintiff's working conditions so intolerable that she had no other choice but to quit.

65.     A reasonable person would view the working conditions as intolerable.

66.     Plaintiff's age was a motivating factor in defendant's decision to deny plaintiff employment opportunities and constructively discharge plaintiff.

67.     Plaintiff's age is the reason that defendants constructively discharged her, effectively terminated her, and refused to investigate her age complaint.

68.     The conduct alleged herein adversely affected the terms, conditions, or privileges of plaintiff's employment.

69.     Defendants were aware of the ADEA's prohibition of age discrimination such that defendant's conduct was willful, entitling plaintiff to an award of liquidated damages.

70.     Defendants' conduct was outrageous, intentional, willful, or shows evil motive or reckless indifference or conscious disregard for plaintiff's rights and the rights of others; therefore, defendants are liable for liquidated damages.

71.     Defendants, through their agents and employees, engaged in discriminatory practices with malice or reckless indifference to plaintiff's federally protected rights.  Defendants are therefore liable for all damages available under the ADEA and KADEA.

WHEREFORE, plaintiff prays for judgment against defendants on Count I of this complaint, for a finding that plaintiff was subjected to unlawful discrimination in violation of the ADEA and KADEA; for monetary losses, back pay, payment of wages owed, injunctive relief, declaratory judgment, liquidated damages, equitable relief, front pay, costs expended, attorney and expert fees, pre-judgement and post-judgement interest, for all other relief under the ADEA and KADEA that is available or may become available, including compensatory, emotional distress and punitive damages, and for such other and further relief the Court deems just and proper.

### COUNT II – ADEA and KADEA Retaliation

### (Against ReeceNichols and Home Services of America)

72.     Plaintiff incorporates by reference every other allegation made herein.

73.     Plaintiff's complaints concerning age discrimination constituted protected activity.

74.     By reason of plaintiff's complaints, defendants retaliated against plaintiff.

75.     Plaintiff was constructively discharge and effectively terminated by defendants.

76.     There is a causal connection between plaintiff's protected activity and the adverse employment actions.

77.     Defendants conduct was willful.

78.     Defendants, through their agents and employees, engaged in discriminatory practices with malice or reckless indifference to plaintiff's federally protected rights.  Defendants are therefore liable for all damages available under the ADEA and KADEA.

WHEREFORE, plaintiff prays for judgment against defendants on Count II of this complaint, for a finding that plaintiff was subjected to unlawful discrimination in violation of the ADEA and KADEA; for monetary losses, back pay, payment of wages owed, injunctive relief, declaratory judgment, liquidated damages, equitable relief, front pay, costs expended, attorney and expert fees, pre-judgement and post-judgement interest, for all other relief under the ADEA and KADEA that is available or may become available, including compensatory, emotional distress and punitive damages, and for such other and further relief the Court deems just and proper.

### COUNT III – ADEA and KADEA

### Hostile Work Environment

### (Against ReeceNichols and Home Services of America)

79.     Plaintiff incorporates by reference every other allegation made herein.

80.     Plaintiff was treated differently and unfairly because of her age.

81.     The workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment.

82.     The defendants' conduct was frequent severe, humiliating, and unreasonably interfered with the plaintiff's work performance.

83.     The environment was both subjectively and objectively hostile or abusive.

84.     Plaintiff's age was a motivating factor in defendant's decision to deny plaintiff employment opportunities and constructively discharge plaintiff.

85.     Plaintiff's age is the reason that defendants constructively discharged her, effectively terminated her, and refused to investigate her age complaint.

86.     The conduct alleged herein adversely affected the terms, conditions, or privileges of plaintiff's employment.

87.     Defendants were aware of the ADEA's prohibition of age discrimination such that defendant's conduct was willful, entitling plaintiff to an award of liquidated damages.

88.     Defendants' conduct was outrageous, intentional, willful, or shows evil motive or reckless indifference or conscious disregard for plaintiff's rights and the rights of others; therefore, defendants are liable for liquidated damages.

89.     Defendants, through their agents and employees, engaged in discriminatory practices with malice or reckless indifference to plaintiff's rights.  Defendants are therefore liable for all damages available under the ADEA and KADEA.

WHEREFORE, plaintiff prays for judgment against defendants on Count III of this complaint, for a finding that plaintiff was subjected to unlawful discrimination in violation of the ADEA and KADEA; for monetary losses, back pay, payment of wages owed, injunctive relief, declaratory judgment, liquidated damages, equitable relief, front pay, costs expended, attorney and expert fees, pre-judgement and post-judgement interest, for all other relief under the ADEA and KADEA that is available or may become available, including compensatory, emotional distress and punitive damages, and for such other and further relief the Court deems just and proper.

### Designated Place of Trial

Plaintiff designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

DCG LAW FIRM, LLC


By: /s/ *Dione C. Greene*
     Dione C. Greene  KS #23010
     4700 Belleview Ave
     Kansas City, Missouri 64112
     Telephone:  816.560.5256
     dcgreene@dcgreenelaw.com

ATTORNEYS FOR PLAINTIFF KATHY
MCCARTY



CERTIFICATE OF SERVICE

     I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system.

     /s/ *Dione C. Greene*
     Attorney For Plaintiff Kathy McCarty

12